REGINO ORTIZ, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., and RAMÓN MONTANER, MANAGER OF THE STATE FUND, Respondents.

No. 161. Argued January 20, 1939.—Decided April 28, 1939.

*Virgilio Brunet* and *Miguel Casiano* for appellant. *B. Fernández García,* Attorney General, *Emilio de Aldrey,* Assistant Attorney General, and *Víctor J. Vidal González* and *G. Atiles Moreu,* attorneys of the State Insurance Fund, for respondent.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Regino Ortiz, a workman who allegedly suffered an accident while working at the Central Monserrate, was notified on November 4, 1937, of an order of the Manager of the State Insurance Fund to the effect that his accident was not compensable.

The workman appealed from this order to the Industrial Commission on April 26, 1938. When the case was called for hearing, the Manager of the State Insurance Fund alleged that the appeal had been filed after the expiration of the term granted therefor. The Commission heard the parties and decided the controversy against the workman, in accordance with the facts and its rule approved on May 23, 1936, fixing a term of thirty days within which to appeal.

The workman prayed for a reconsideration, and the Commission affirmed its original opinion by an order of December 20, 1938. He then appealed, through his attorney, to this court, and moves for a re-examination of the orders of the Commission on the following grounds:

"(a) Because the Industrial Commission is not authorized to adopt that rule.

"(b) Because, if the Industrial Commission is authorized to adopt it, said rule was not approved in the manner provided by law.

"(c) Because, even if the Industrial Commission is authorized to adopt that rule, and even if the same was approved in the manner provided by law, that rule is null and void because the proceeding taken . . . is not an appeal, which is nonexistent under Act No. 45 of 1935, secs. 9–10."

After a careful study of the law and the cases, we think that the first and third grounds are not well taken, but the second one is.

Section 6 of Act No. 45 of 1935 (Sess. Laws 1935 (1) page 282) provides in one of its paragraphs that:

"The Industrial Commission shall have power to approve rules and regulations to carry out the provisions, powers, and duties pre-

scribed for it by this Act, and to make the proceedings before it simple and summary. Such rules and regulations, when approved by the Governor and duly published and promulgated, shall have the force of law."

And in our opinion it is perfectly clear that in the exercise of the power granted by the legislator, being as it is a quasi judicial board, the Commission could fix a reasonable term within which the right to appeal to the Commission should be exercised. Act No. 45 of 1935, secs. 6, 7 and 10, Sess. Laws, 1935, pages 280, 284 and 288; 15 C. J. 901 et seq.; 4 C. J. S. 884 et seq., and 3 Am. Jur. sec. 417 et seq.

But if that is true, so that the rule of the Industrial Commission shall be valid and binding like law, the legislative provisions must be wholly complied with, and it is admitted herein by the very Commission that that requisite of approval by the governor was not complied with.

As no valid rule exists fixing the term, the workman was on time when he exercised his right. Cruz et al. v. Heirs of Jiménez, 32 P.R.R. 767. From the concurrent opinion that appears on page 774, we transcribe the following: "The beginning of a limitation on the right to appeal is strictly construed in favor of an appellant. 3 C. J. 1059 et seq., citing, among others, California and Louisiana cases."

On the grounds stated, we are bound to review the proceedings of the Commission and must annul the order of December 7 and 20, 1938, and the case should be remanded for further proceedings not inconsistent with this opinion.